IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ERIC BROSTEN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE DAINES and RYAN ZINKE,<br><br>Defendants. | CV 16-00001-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Eric Brosten has filed a proposed Complaint, a Motion to Proceed in Forma Pauperis, and an ex parte motion for protection. (Docs. 1-3.) Mr. Brosten's pleading is subject to dismissal as frivolous because it lacks any basis in law or in fact. The Motion to Proceed in Forma Pauperis and ex parte motion should be denied, and this action should be dismissed.

**MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. §1915 authorizes a court to grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his

1

family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the undersigned will first consider whether Mr. Brosten's proposed Complaint has merit or is frivolous and subject to dismissal.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded.

*Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Frivolous or Without Merit

The Court retains discretion in determining whether a complaint is "frivolous." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A complaint is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, the term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a complaint is frivolous, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the Court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33.

### C. Leave to amend

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

## STATEMENT OF THE CASE

### A. Parties

Mr. Brosten is proceeding without counsel. The proposed Complaint names as Defendants United States Senator Steve Daines and United States Representative Ryan Zinke. (Doc. 2.)

### B. Allegations

Mr. Brosten titles his pleading: "Conspiracy to Interfere with Civil Rights" and "Political Terrorism." He begins by requesting the Court place Steve Daines

and Ryan Zinke on the "terrorist secret phone taping list and no fly list." (Doc. 2 at 1.) He continues with confusing, incomprehensible, and illogical allegations and statements, as demonstrated by the following summary of his allegations.

Mr. Brosten characterizes Montana as a strategic location for Russia during World War II. He alleges military aircraft manufacturers across the country sent aircraft to Great Falls, Montana, and from there the aircraft were sent to Russia. Mr. Brosten asserts: "Russia would be stupid not to have KGB in Montana[;] they are not stupid." (*Id*.) Mr. Brosten fails to explain how this information is relevant.

Mr. Brosten alleges that many people have died in "the Space Age Freedom Fight," he fears others will be killed, and he has a special relationship with Secret Service agents. Mr. Brosten indicates he will be able to find counsel to help with this case after Steve Daines is placed on "the list," implying he cannot find counsel now because the lawyer would be killed by Daines. (Doc. 2 at 2.)

Mr. Brosten's pleading continues with disjointed legal references and allegations. For example, he quotes subsections of 42 U.S.C. § 1985 and quotes the federal statutory definition of the criminal offense of treason at 18 U.S.C. § 2381. (Doc. 2 at 3.)

Mr. Brosten asserts the strategy of global governmental powers has shifted. He believes the military powers of the world seek to destroy each others'

economies and invade their lands. He contends global powers obtain help from traitors within enemy governments who overspend on wasteful "pork projects," something he apparently believes makes a target enemy government susceptible to being overtaken by another global power. He alleges this has been going on for some time and is now "so bad and so out of control" that the federal courts must intervene immediately. He contends they have authority to do so under Federal Rule of Civil Procedure 65.

Mr. Brosten references an unidentified "arrest warrent [sic] for yelling in the house." He contends the Clintons are responsible for the warrant because they wanted him in prison so mobsters could kill him. He asserts emails between Judge Bob Wood an Hillary Clinton will prove this allegation. (Doc. 2 at 4.)

In his pleading entitled "Ex party [sic] Motion for Protection" (Doc. 3), Mr. Brosten indicates that the Court must intervene quickly to save lives. He alleges we now live in the "super computer terrorist phone tapping age" and seems to indicate that terrorists have killed judges' family members. He alleges he spoke to a "supporter" on the sidewalk who was reluctant to help because her family member in California had been killed. He requests the Court place Steve Daines and Ryan Zinke on the "terrorist phone tapping list and the no fly list." (Doc. 3-1.)

**ANALYSIS**

Mr. Brosten's allegations are "frivolous" as that term is defined above. The undersigned's summary of Mr. Brosten's allegations reflects that his allegations are fanciful, delusional, or fantastic. His allegations are irrational and wholly incredible. He presents no plausible underlying factual basis for his assertions, and his allegations appear to be based solely on his delusional perception of events and circumstances related to world powers and politics. Because of the fanciful allegations and the delusional beliefs expressed in the pleadings, amendment of the Complaint would be futile. There is no basis in law or fact for the Court to address the irrational matters raised in the pleadings.

## CONCLUSION

Based on the forgoing, the undersigned concludes Mr. Brosten's Complaint is subject to dismissal as frivolous because it lacks any basis in fact or in law. Moreover, the undersigned finds these defects could not be cured by the allegation of additional facts. Therefore, the undersigned issues the following:

## RECOMMENDATIONS

1. Mr. Brosten's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) (Doc. 1) should be **DENIED**.

2. Mr. Brosten's ex parte motion (Doc. 3) should be **DENIED**.

3. This action should be **DISMISSED**. The Clerk of Court should be

directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Brosten may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.[1] Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

---

[1] As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

DATED this 26th day of January, 2016.

_____
John Johnston
United States Magistrate Judge